Adam I. Gafni, Esq. (HI Bar No.: 127325)
**GAFNI & LEVIN LLP**
12121 Wilshire Blvd., Suite 805
Los Angeles, California 90025
Telephone: 424.744.8344
Facsimile:  424.488.1344
Email: adam@gafnilaw.com

Attorney for Plaintiff,
DOUGLAS L. PERRINE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DOUGLAS LEE PERRINE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ETN CORPORATION, a Hawaii Limited Liability Company; JUERGEN STEINMETZ, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | CIVIL NO.:<br>(Copyright infringement)<br><br><br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL; EXHIBITS 1 AND 2 |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff Douglas L. Perrine ("Doug Perrine" or "Plaintiff") by and through his attorneys of record, alleges against Defendants eTN Corporation ("eTN"), JUERGEN STEINMETZ, an individual ("Steinmentz") and DOES 1-10, inclusive, (hereinafter collectively "Defendants") as follows:

1

## THE PARTIES

1. Plaintiff is a resident of the State of Hawaii and an acclaimed photographer specializing in marine wildlife photographs. Plaintiff's photographs are copyrighted images.

2. Plaintiff operates the website https://www.blueplanetarchive.com formerly known as www.seapics.com and regularly sells and/or licenses his copyrighted images across the United States.

3. Defendant eTN is a Hawaii Corporation, with its Principal place of business in Honolulu, Hawaii, and within this judicial district.

4. Plaintiff is informed and believes that at all relevant times, Defendant Jergen Steinmetz was a resident of Hawaii as well as director and owner of eTN and was the President, Treasurer, Secretary, and Director of eTN such that he was in control of eTN and the domininant influence on its policies – particularly as it concerns the use and removal of copyright images such as those at issue in this Complaint.

5. Plaintiff is informed and believes that during all relevant times, Defendant eTN Corporation owned, operated, controlled and through its employees uploaded articles and photographs to https://www.eturbonews.com ("Website").

6. Plaintiff does not presently know the true names and capacities of the Defendants named as DOES 1 through 10 and therefore sues such Defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe Defendants and the known Defendants are referred to collectively as "Defendants."

7. Plaintiff is informed and believes that Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of

each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore. Plaintiff is informed and believes that at some unknown time, the Defendants or some of them entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein. Plaintiff is informed and believes that each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

## JURISDICTION AND VENUE

8.  This action is for damages and preliminary and permanent injunctive relief arising from Defendants' copyright infringements in violation of the United states Copyright Act of 1976, as amended, 17 U.S.C § 101 et seq. (the "Copyright Act").

9.  Subject Matter Jurisdiction. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

10. Personal Jurisdiction. Plaintiff is informed and believes that personal jurisdiction is proper over Defendants as they reside in Hawaii. Defendant eTN Corporation was and is a registered Hawaii profit Corporation with its principal place of business and headquarters in this Judicial District.  Plaintiff is informed and believes that Defendant Steinmetz is the registered agent for eTN with a listed address in Hawaii which Defendants filed with the Hawaii Secretary of State. Further, jurisdiction is proper because all claims arise out of Defendants conduct which took place in Hawaii and harmed Plaintiff in Hawaii. All of which, based on Plaintiff's information and belief, took place in Hawaii.

11. Venue. Venue is proper in this district under 28 U.S.C § 1391(b) and (c) and 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS

12. Plaintiff is an acclaimed freelance award-winning photographer specializing in marine wildlife photography. His work has been widely published in several books, calendars, greting cards, posters, magazines, television shows, documentary films, and

3

websites, and has been recognized in local media for both his passion for photography and for donating his time and talents to photographing marine wildlife. His word as a marine wildlife photographer has been notably featured on "Sharks of the Deep Blue" on the Discovery Channel's 1999 *Shark Week* broadcast. Mr. Perrine's photographs are copyrighted images, and he works vigorously to protect his collection of works.

13. The photographic work at issue in this case (the "Photograph") is an original work authored by Plaintiff and is entitled to copyright protection pursuant to the copyright laws of the United States and was duly registered with the United States Copyright Office.

14. Plaintiff was and is the sole owner of the copyright to the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

15. The Photograph was not made as a work for hire.

16. Plaintiff incurred substantial time and expense creating the Photograph.

17. Plaintiff submitted and/or caused to be submitted to the United States Copyright Office an application to obtain copyright registration for the Photograph on or about July 16, 2001 and deposited a copy of the Photograph as part of application.

18. The United States Copyright Office issued to Plaintiff a Certificate of Registration (Registration Number VAU000530479) with an effective date of July 16, 2001 (the "Copyright") for the Photograph. A copy the Copyright Registration is attached hereto as Exhibit 2.

19. Because Plaintiff is the sole owner of the copyrights in the Photograph, during all relevant times Plaintiff held and still holds the exclusive rights to reproduce, publicly distribute, and display the Photograph pursuant to 17 U.S.C. § 106 and 501.

20. Within the last three years, Plaintiff discovered that Defendants have unlawfully copied, uploaded, displayed, and distributed his registered Photograph without a license or consent on or to the Website which content was also curated, edited, managed, controlled and/or operated by Defendants. Prior to such time, Plaintiff did not discover and could not have reasonably discovered the infringement.

21. Plaintiff is informed and believes that Defendants copied the Photograph,

without authorization or permission from Plaintiff, including by when they unlawfully copied/reproduced, uploaded/downloaded, or caused to be uploaded/downloaded, publicly displayed, and distributed the Photograph to a global audience on the World Wide Web via the Website and continue to do so despite notice.

22. Plaintiff is informed and believes that Defendants commenced infringement of and/or unathorized use of the Photograph after the Photograph had been registered with the United States Copyright Office.

23. At all relevant times, Defendants did not have a license or permission to use, display, distribute, copy, and/or reproduce the Photograph.

24. Plaintiff is informed and believes that Defendants copied/reproduced, uploaded/downloaded, or caused to be uploaded/downloaded, publicly displayed, and distributed the Photograph with actual and/or constructive knowledge, that they did not have consent and/or a license to use the Photograph and in reckless or conscious disregard of the risks of Copyright infringement in willful violation of Plaintiff's rights.

25. Plaintiff is informed and believes that Defendants' unlawful copying/reproduction, uploading/downloading, or causing to be uploaded/ downloaded, public display, and distribution of the Photograph to a global audience on the World Wide Web via the Website, and potentially other locations, constitutes direct copyright infringement.

26. Plaintiff is informed and believes that Defendant eTN Corporation oversaw, managed, curated, edited, and built the Website, including by materially assisting with the selection of the Photograph, uploading the Photograph, and had the opportunity to control the images copied/reproduced, uploaded/downloaded, publicly displayed, and distributed on the Website.

27. Plaintiff is informed and believes that Defendants attempted to obtain and/or did obtain profit from the infringing activities alleged herein and/or attempted to derive a profit and direct financial benefit from the infringing activities alleged herein.

28. Plaintiff is informed and believes that the Photograph was used by

Defendants knowingly and recklessly in violation of Plaintiff's rights without obtaining a license or consent from Plaintiff and thereby violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 106 and 501.

29. Plaintiff is informed and believes Defendants have the right and ability to control, supervise, monitor and direct the Website wherein the infringing activity occurs.

30. Defendants have shown that they intend to continue, unless restrained, to use Plaintiff's copyrighted photographic work, willfully infringing, and causing irreparable damages to Plaintiff for which he has no adequate remedy of law.

31. By unlawfully using copies the Photograph and by distributing and encouraging redistribution of the Photograph without identifying the Photograph as being the exclusive property of Plaintiff, Defendants' have diminished the value of the original photographic work.

32. Defendants' unlawful acts have and continue to interfere with Plaintiff's ability to market the Photograph, thereby impairing the value and prejudicing the sale or license by Plaintiff.

## FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## PURSUANT TO 17 U.S.C. § 106 AND 501
## (AGAINST ALL DEFENDANTS)

33. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

34. Plaintiff owns all rights, titles, and interests in and to the copyright for the Photograph, the use of which has not been licensed to Defendant.

35. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. section 101 et seq. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute and publicly display the Photographs. (17 U.S.C. § 106(1), (3), and (5).).

36. Within the last three years, Plaintiff discovered that Defendants (including through their agents and employees), without Plaintiff's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Photograph, (2) distributed, sold or made available for distribution, and/or facilitated the unauthorized distribution of unauthorized copies of the Photograph, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Photograph on the Website.

37. Plaintiff is informed and believes that Defendants misappropriated Plaintiff's copyrights in the Photograph with actual and/or constructive knowledge that the Photograph at issue did not belong to Defendants; Defendants thereby willfully engaged in unauthorized use, copyright, distribution, and/or display of Plaintiff's copyrighted Photograph.

38. Plaintiff provided actual notice of Defendants copyright infringement in the Photograph to Defendants via letter on or about July 22, 2021, including listing the url addresses where the infringements appeared. Despite receiving such notice and direct email communication with STEINMETZ on behalf eTN, eTN failed to remove or disable the infringing links and continued to publicly display and distribute the Photograph.

39. Plaintiff is informed and believes that Defendants' acts of infringement are ongoing, willful, intentional, and purposeful, and/or with reckless disregard of and with indifference to Plaintiff's rights because Defendants knew or recklessly failed to know that they did not have the right to use the Photograph in the manner in which they used it.

40. Defendants' conduct alleged above constitutes willful direct infringement of Plaintiff's copyrights and exclusive rights in the Photograph in violation of §§ 106 and 501 of the Copyright Act.

41. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages. Defendants' unlawful use of Plaintiff's Photograph has diminished the value of the original Photograph by, inter alia, displaying and distributing the Photograph without identifying it at being the exclusive property of Plaintiff. Defendants' unlawful acts have interfered with and undermined Plaintiff's ability to market Plaintiff's own original Photographs, thereby impairing the value

and prejudicing the sale or license by Plaintiff of his own photographic work.

42. As a direct and proximate result of Defendants' infringements, and each of them, Plaintiff has suffered damages and therefore is entitled to recover from Defendants, gains and advantages obtained by Defendants as a result of their acts of infringement alleged above, actual damages, Defendants' profits pursuant to 17 U.S.C. § 504(b), including attorney's fees. At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages of up to $150,000.00 per infringement against each Defendant for their infringements and/or the infringements for which they are liable jointly and severally, pursuant to 17 U.S.C. § 504(c), or such other amounts as may be proper. Plaintiff is entitled to attorneys' fees and to the recovery of all costs and expenses reasonably incurred in pursuing this matter pursuant to 17 U.S.C. § 505.

43. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which she has no adequate remedy of law.

## SECOND CLAIM FOR RELIEF
## SECONDARY COPYRIGHT INFRINGEMENT
## (AGAINST STEINMETZ AND DOES 1-10)

44. Plaintiff incorporates by reference all preceding allegations of the Complaint.

45. Plaintiff is informed and believes that Defendants obtained actual and/or constructive knowledge and/or were willfully blind to the infringing activity, including but not limited to the fact that they received notices regarding their unauthorized activity from Plaintiff.

46. Plaintiff is further informed and believes that after receiving such knowledge, Defendant Juergen Steinmetz and Does 1-10, contributed to and/or induced infringement of the unauthorized copies of the Photographs by Juergen Steinmetz and eTN Corporation and of others.

47. Plaintiff is further informed and believes that at all relevant times Juergen Steinmetz was the dominant shareholder and member of eTN Corporation and authorized, directed, and ratified the conduct alleged herein as well as generated and approved of the policies that led to the infringements by eTN Corporation.

48. Plaintiff is further informed and believes that at all relevant times Juergen Steinmetz was the dominant shareholder and member of eTN Corporation, who had the right and ability to control the conduct and directly profited from it or attempted to derive a profit from it– certainly with respect to the unlawful use, copy, uploading, display, distribution without a license and/or consent on the website which content was also curated, edited, managed, controlled and/or operated by Defendants.

49. Plaintiff is also informed and believes that Juergen Steinmetz and Does 1-10 derived and/or attempted to derive a direct economic benefit from the infringements alleged herein.

50. By the actions alleged above, Juergen Steinmetz and Does 1-10 have infringed on Plaintiff's copyrights by indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiff's copyrights through the unlawful copying, displaying, publishing, and distributing of Plaintiff's copyrighted Photograph without permission to a global audience on the World Wide Web.

51. Defendants misappropriated Plaintiff's copyright in the Photographs with actual and/or constructive knowledge that the Photographs at issue did not belong to Defendants in order to profit from the use, copying, distribution, and/or display of the unauthorized prints; Defendants thereby willfully engaged in unauthorized use, copying, distribution, and/or display of Plaintiff's copyrighted Photographs.

52. Plaintiff is informed and believes that Juergen Steinmetz and Does 1-10' vicariously infringed Plaintiff's copyright in the Photographs by profiting from the unlawful use, copying, distribution, and/or display of the unauthorized prints.

53. Plaintiff is informed and believes that Juergen Steinmetz and Does 1-10' acts of infringement were ongoing, willful, intentional, and purposeful, and/or in reckless

disregard of and with indifference to Plaintiff's rights in that Defendants knew or recklessly failed to know that they did not have the rights to use the Photographs in the manner in which they used the Photographs in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. sections 106 et seq. and 501 et seq.).

54.     Plaintiff is informed and believes that, by the actions alleged above, Defendants violated Plaintiff's exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 et. seq. making Defendants liable for willful copyright infringement.

55.     As a direct and proximate result of Defendants' vicarious infringements, Plaintiff was damaged and is entitled to recover from Defendants the damages, including attorney's fees, he has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of their acts of infringement alleged above. At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Plaintiff also seeks to recover statutory damages for Defendants' infringement of his copyrights of up to $150,000.00 per infringement.

56.     Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

57.     As a result of the aforementioned conduct, Plaintiff has sustained damages and/or is entitled to award of statutory damages for the works which were registered at the time the infringement commenced.

58.     Plaintiff has been forced to incur attorneys' fees and costs in connection with this infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

## AS TO THE FIRST AND SECOND CLAIM FOR RELIEF

1. For Plaintiff's actual damages;

2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct;

3. For maximum statutory damages under Section 17 U.S.C. § 504(c) of the Copyright Act;

4. For prejudgment interest;

5. For attorneys' fees and costs;

6. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:

   a. enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

   b. the seizure of all property made in, or used to assist in the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. § 503, including, but not limited to, all copies of the Photograph, all domains, Internet Protocol (IP) addresses, and all servers and other computer equipment used to publish, broadcast or archive the Photograph; and

7. For such other and further relief as this Court deems just and appropriate.

Dated: Los Angeles, California, October 12, 2021

By: __/s/Adam I. Gafni_____
Adam I. Gafni, Esq.
Attorney for Plaintiff,
DOUGLAS LEE PERRINE

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: Los Angeles, California, October 12, 2021

By: /s/Adam I. Gafni
Adam I. Gafni, Esq.
Attorney for Plaintiff,
DOUGLAS LEE PERRINE